UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
MAR 21 2017


| | |
|---|---|
| RENEE ECKES,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>WARDEN BRENDA HYDE, SOUTH DAKOTA WOMEN'S PRISON; AND ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>　　　　　Respondents. | 1:16-CV-01051-CBK<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner pleaded guilty to second degree murder in the Third Judicial Circuit, Codington County, South Dakota and was sentenced to life in prison without parole in 1998. Her co-defendant, Jessi Owens, also pleaded guilty to second degree murder and was also sentenced to life.

　　　　Owens was age 17 at the time of the offense. Following the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), that life imprisonment without the possibility of parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment, Owens' life sentence was modified to a term of 40 years in prison on October 13, 2013. The State's appeal of the reduction in sentence was dismissed on January 10, 2014.

　　　　Petitioner was age 19 at the time of the offense. Over one year after Owens' reduction in sentence, petitioner filed, in January 2015, a petition for a writ of habeas corpus in state court contending that her sentence became disproportionate to her co-defendant's sentence when her co-defendant was granted a reduced sentence. Counsel was appointed to assist petitioner in litigating her state court habeas case.

　　　　Petitioner's state court habeas case was denied procedurally and on the merits. The South Dakota Circuit Court held that Miller did not apply to her because she was not a juvenile

at the time of the offense and she therefore failed to qualify to file a second or successive application for a writ of habeas corpus based upon Miller's new rule of constitutional law.

Alternatively, the state court held on the merits that petitioner's sentence was not disproportionate to Owens' sentence and therefore did not violate the Eighth Amendment. The state court petition was denied in November 2015. Because she was essentially denied the right to file a petition for a writ of habeas corpus, the decision was not appealable to the South Dakota Supreme Court.

On October 24, 2016, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that her petition is timely because the United States Supreme Court held on January 25, 2016, in Montgomery v. Louisiana, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), that Miller had announced a new substantive rule that was retroactive on collateral review.

Petitioner's federal habeas case suffers the same procedural bar as did her state court habeas claim. Petitioner's challenge is subject to the one year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA:

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner was not a juvenile at the time of her offense. Miller therefore does not apply to her case. The holding in Montgomery which made Miller retroactive does not change the fact that Miller is not applicable to petitioner. Petitioner cannot rely upon either Miller or Montgomery to extend the one year statute of limitations for filing a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Now, therefore,

**IT IS ORDERED** that the petition for a writ of habeas corpus is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her sentence of life without parole for second degree murder. She contended that her petition was timely based upon the United States Supreme Court's decisions in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). I denied the petition as untimely, finding that neither case applied to extend the period of limitations because petitioner was not under the age of 18 at the time of her offense.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's petition for a writ of habeas corpus. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 17th day of March, 2017.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge